IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 95-cv-01700-RPM

HAYNES TRANE SERVICE AGENCY, INC., and
FREDERICK M. HAYNES,

       Plaintiffs,

v.

AMERICAN STANDARD, INC., d/b/a THE TRANE COMPANY,

       Defendant.

_____

ORDER DIRECTING FURTHER PROCEEDINGS
_____

On January 6, 2006, American Standard, Inc., d/b/a The Trane Company ("Trane") filed a motion for the appointment of a special master (Doc. #523), pursuant to Fed.R.Civ.P. 53(a)(1)(B)(ii) for determining the amount of damages caused by the fraud of plaintiff Haynes Trane Service Agency, Inc., ("HTSA") in submitting claims for payment under the price assistance program as found by the jury in the verdict returned on December 7, 2005. HTSA filed a response and there is a dispute concerning this motion. HTSA argues that there are four separate categories of claimed fraudulent conduct which must separately be decided by the Court. That is not the case.

The evidence shows that HTSA committed fraud in all of these practices and the jury rejected the defense of waiver on the intracompany sales. The damage determination is appropriate for a special master and the parties will be given an opportunity to participate in the preparation of the order and the selection of the special

master. The Court has contacted attorney Sheldon E. Friedman, who has said that he is available to perform this service. It is apparent that the special master will need the services of a qualified accountant. The question of the payment of fees and expenses will be discussed at the hearing to be held pursuant to this order, as will the instructions to guide the work of the special master.

On January 6, 2006, Frederick Haynes ("Haynes") filed a request for the entry of a final judgment on the jury verdict in his favor pursuant to Fed.R.Civ.P. 54(b) (Doc. #525) and Trane filed a motion for equitable determination (Doc. #526). Both motions are based on a misconception of the jury's role in this case. Haynes' motion assumes that the effect of the jury verdict is a finding that Trane breached its distributorship contract by terminating it without good cause. Trane considers the jury's factual findings to be only advisory.

This Court submitted the interrogatories presenting the factual determinations controlling the equitable estoppel theory to the jury because the Tenth Circuit Court of Appeals directed it to do so. As Trane points out, in the Wisconsin cases cited the question of whether the doctrine should be applied is governed by the principles of equity jurisprudence. That issue is for the Court and the traditional defenses to a claim in equity, such as clean hands and inequitable conduct by the claimant, are questions that are for the Court. In that regard, Haynes' involvement with the pattern and practice of fraud by HTSA must be considered. These questions may require further hearing.

Upon the foregoing, it is

ORDERED, that Trane's motion for the appointment of a special master to

determine the damages on the fraud counterclaim against HTSA is granted, and it is

FURTHER ORDERED, that Frederick Haynes' request for entry of judgment pursuant to Fed.R.Civ.P. 54(b) is denied, and it is

FURTHER ORDERED, that a hearing will be convened at a time to be set after consultation with counsel, for the purpose of selecting the special master and setting a procedure to develop the contents of the order of appointment, with appropriate instructions, and it is

FURTHER ORDERED, that the hearing will include the procedure to be followed leading to the Court's determination as to the applicability of the doctrine of equitable estoppel.

DATED:  May 12, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge