IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-01700-RPM

HAYNES TRANE SERVICE AGENCY, INC., AND FREDERICK M. HAYNES,

Plaintiffs,

v.

AMERICAN STANDARD, INC., d/b/a THE TRANE COMPANY,

Defendant.

**ORDER OF SPECIAL MASTER DATED FEBRUARY 19, 2007
AS TO CLAIMED OFFSETS**

THIS MATTER coming on to be heard this 14th day of February, 2007 concerning the matter of offset quantification as a part of determining the damages in the above-entitled matter and to hear issues concerning compliance with the order of Judge Richard P. Matsch dated October 2, 2006 as well as compliance with the Joint Statement Concerning Instructions To Special Master, dated September 8, 2006.

The Court, in its order of October 2, 2006 held that as to the credit memos issued after June 7, 1995, the date Trane terminated its wholesale distributor agreement with HTSA, the credit memos are sufficient evidence of the credit "and will be applied to offset the damages to Trane." But as to the credit memos issued before June 7, 1995, the credit memos are not sufficient because there is no documentary evidence to show that the credits were not issued as a result of the pattern of fraud practiced by HTSA. On October 2, 2006, in the Order Appointing Special Master To Determine Counterclaim

Damages addressing the offset determination, the Court stated as follows, in part in paragraph II:

> The credit memos contained in Plaintiff's Trial Exhibit 571, issued after June 7, 1995, shall be accepted as proof of an offset to HTSA on Trane's fraud damages.
>
> (1) To the extent that HTSA claims an offset for credit memos issued before June 7, 1995, HTSA must . . . <u>provide Trane with its analysis of each of the transactions it contends support its offset claim, including all relevant documentation</u>. (emphasis supplied)
>
> (2) . . . Trane shall [then] provide HTSA with its response to HTSA's analysis. Trane's response shall identify those transactions Trane asserts are not valid and the reasons for Trane's position including, when applicable, whether a transaction falls within one or more of the four categories of fraud. . . .
>
> (3) HTSA must then respond to Trane . . . either agreeing with Trane's criticism(s) or explaining why it believes Moss's analysis is correct.

Any remaining disputes will be submitted to the Special Master for resolution.

By letter of December 15, 2006, HTSA provided Trane with a spreadsheet identifying the credits claimed by it as an offset and certain other information regarding the claimed credits and a box of documents.

Trane, after reviewing the submittals, wanted HTSA to analyze each claimback transaction for which a credit is sought to prove each was validly claimed, and requested a supplement with such analysis, which HTSA refused to provide.

The Court held that to meet their burden of proof, HTSA in part must "provide Trane with its analysis of each of the pre-June 7, 1995 transactions it contends support its offset claim including all relevant documentation.

The Special Master heard the arguments of counsel, reviewed exhibits and other documentation submitted by the parties, and questioned both sides to further understand offset issues and areas of disagreements between the parties. .

It appears a major area of dispute is whether HTSA provided Trane with an "analysis" of each of the pre-June 7, 1995 transactions it contends support its offset claim, including all relevant documentation.

The word "analysis" was used in the Order Appointing Special Master To Determine Counterclaim Damages in paragraph II (1). The word "analysis" was not specifically defined. HTSA believes that it has provided an "analysis", and therefore met its burden of proof as to the validity and legitimacy of offsets by providing a schedule listing the claimed offsets and a box of "relevant documents." Trane believes that an "analysis" requires, at the very least, in addition to what HTSA provided, a documented comparison by HTSA that allows Trane to determine whether the customer, product, price, and quantity were the same on the claimback requests furnished to Trane as on the internal customer invoices maintained by HTSA. Trane claims that it should not be placed in the position of having to expend time and money to make that comparison when HTSA has the burden of proving its entitlement to offsets. The Special master agrees.

In going to internet websites, the Special Master discovered many definitions of the word "analysis" and in its simplest terms it has been defined as "an investigation of the component parts of a whole and their relations in making up the whole."[1]

---

[1] http://wordnet.princeton.edu/perl/webwn?s=analysis

1409776_1.doc                                              3

At this time, the Special Master need not determine whether HTSA has met its burden of proof as to the validity of its offsets. but can make a determination as to whether HTSA provided Trane with an *analysis* within the mandate of the Court's October 2, 2006, Order Appointing Special Master To Determine Counterclaim Damages.

The Special Master concludes that HTSA has not provided an "analysis" of the transactions to which it claims offsets as required by court order to show that the credits were not issued as a result of the pattern of fraud practiced by HTSA.

THEREFORE, the Special Master ORDERS as follows:

1. Within 15 days from the date of this order, HTSA shall supplement its prior submission to Trane providing support for its offset claim, including all relevant documentation. This analysis shall include a comparison of each claimback submitted to Trane against the internal customer records of HTSA to determine whether the customer, product, price, and quantity are the same. Supporting documentation shall be provided, sorted and segregated to apply to each transaction for which an offset is claimed.

2. Within 10 days thereafter, Trane shall submit to the Special Master and to HTSA its detailed analysis as to whether it agrees or disagrees with HTSA's claimed offsets and the specific reasons therefor.

3. The Special Master thereafter will determine the offsets, if any, HTSA may claim as a part of the total quantification of counterclaim damages.

4. Within 20 days from the date of this order, Trane shall submit an Affidavit as to its costs and attorneys fees expended in preparation for, and attending this hearing. The Special Master will make recommendations to the Court it deems appropriate.

4. The parties shall contact the Special Master's legal assistant, Sharon Austin, at (303) 292-5656, within the next 10 days, to schedule a three-day hearing to determine counterclaim damages.

DATED the19th day of February, 2007.

BY THE SPECIAL MASTER:

s/Sheldon E. Friedman

---

Sheldon E. Friedman
Special Master