IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 95-cv-01700-RPM

HAYNES TRANE SERVICE AGENCY, INC., and
FREDERICK M. HAYNES,

        Plaintiffs,

v.

AMERICAN STANDARD, INC., d/b/a THE TRANE COMPANY,

        Defendant.

_____

ORDER  ADOPTING REPORT OF THE SPECIAL MASTER, RULING ON DEFENDANT'S
MOTIONS AND FOR ENTRY OF FINAL JUDGMENT
_____

On June 25, 2007, Special Master Sheldon E. Friedman filed his report determining

that the Stipulation Regarding Quantification of Damages on Trane's Fraud Counterclaim

should be adopted and that if the Court awards interest on the fraud counterclaim, the interest

will accrue from November 16, 1994.  There having been no objection filed, the Special

Master's report is adopted.

On June 28, 2007, the defendant moved for the award of prejudgment interest

pursuant to C.R.S. § 5-12-102 as money wrongfully withheld by Haynes Trans Service Agency

from Trane.  HTSA has not responded to that motion.  The Court finds the statute is applicable

and interest is to be awarded at 8% per annum compounded annually from November 16,

1994, on the amount of fraud damages of $1,770,000.

On July 3, 2007, the defendant filed a motion for assessment of costs against plaintiffs,

seeking an order allocating the payment of the compensation of the Special Master to the

plaintiffs, jointly and severally, pursuant to Fed.R.Civ.P. 53(h) and taxing that amount as costs

under Rule 54(d)(1) to Trane as the prevailing party.  The plaintiffs have responded, opposing

that motion on July 30, 2007.  The opposition asserts that the request is premature and also

objects to assessing costs jointly and severally, noting that the fraud counterclaim is against

only HTSA and also asserting that the fees and expenses of the Special Master should be

apportioned equally between Trane and HTSA because both parties to the counterclaim

benefitted from the services performed by the Special Master because of the complexity of the

issues relating to the claimback process.  While the taxation of costs is a matter for the Clerk

after the entry of judgment, pursuant to Rule 54(d), the apportionment of the fees and costs of

the Special Master must be resolved by the Court under Rule 53(h)(3).  Considering the factors

under that rule, the Court finds and concludes that the need for the appointment of a Special

Master in this case arose from the manner in which Trane established the claimback process

and that the parties bear equal responsibility for the complexity and also obtained the benefit

of the services of the Special Master to resolve an accounting dispute which would otherwise

have consumed resources of both parties in extending trial.  Accordingly, the motion to allocate

payment of the Special Master's compensation to the plaintiffs, jointly and severally, is denied

and the parties HTSA and Trane share the payment equally.

On August 8, 2007, the plaintiffs moved for the entry of final judgment and the Court

having now ruled on the remaining issues, a final judgment will be entered.  Pursuant to this

Court's Findings, Conclusions and Order Denying Equitable Relief, entered October 25, 2006,

denying Fred Haynes' claim for damages from Trane's termination of the Franchise

Agreement; the Special Master's Report and the rulings made herein, it is now

ORDERED that the Clerk shall enter final judgment dismissing the claims of Haynes

Trane Service Agency, Inc., and Frederick M. Haynes against the defendant American

Standard, Inc., d/b/a The Trane Company, awarding the defendant American Standard, Inc.,

d/b/a The Trane Company damages in the amount of $1,770,000 on its counterclaim against Haynes Trane Service Agency, Inc., with interest at 8% compounded annually from November 16, 1994, to the date of judgment and for the award of statutory costs of defendant American Standard, Inc., d/b/a The Trane Company against the plaintiffs Haynes Trane Service Agency, Inc., and Frederick M. Haynes, jointly and severally, upon the filing of a bill of costs within ten days from the entry of judgment.

DATED: September 11th, 2007

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge